# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11500
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONDALYN JOY ADDISON, also known as "Ronnie",

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-119-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Following her guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, Rondalyn Joy Addison received a 360-month sentence, to be followed by a four-year term of supervised release. In calculating the guidelines range, the district court concluded that Addison was not entitled to a reduction for acceptance of responsibility because although she had admitted in her Factual Resume that she had distributed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11500

methamphetamine to Larry Daniel Maxey, she informed the probation officer that she disagreed with that statement and that she had not directly provided drugs to him.  On appeal, Addison argues that she was entitled to an acceptance-of-responsibility reduction, given her guilty plea and remorse for her actions and in light of her statement that she believed Maxey may have received methamphetamine from her through a third party.

A defendant may receive a sentencing reduction if she "clearly demonstrates acceptance of responsibility for [her] offense."  U.S.S.G. § 3E1.1(a).  The fact that a defendant has pleaded guilty to the charged offense does not automatically qualify her for the reduction.  § 3E1.1, comment. (n.3).  "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true" does not warrant the adjustment.  § 3E1.1, comment. (n.1(A)).  The district court credited Addison's statement in her Factual Resume and adopted the presentence report, which included information from Maxey indicating that Addison had provided him with methamphetamine.  Addison has not established that the denial of the reduction was "without foundation."  *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).  Consequently, the judgment of the district court is AFFIRMED.